THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

vs.

Said Shafii Farah,

        Defendant,

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL ATTORNEY CONDUCTED VOIR DIRE**

Court File No. 24-CR-173 DSD/DLM

Mr. Farah, by and through his attorneys, files this memorandum support of his motion for partial attorney conducted voir dire.

## BACKGROUND

On December 2, 2024, the defendant filed several motions including a motion for partial attorney conducted voir dire. On December 19, 2024, the Government filed an objection to the motion. Pursuant to the Court's December 30, 2024 Order, the defendant hereby submits his brief in support of the motion for partial attorney conducted voir dire.

## ARGUMENT

The Court should permit 30 minutes per side of attorney conducted voir dire because a more thorough voir dire will enable the defendant to exercise his constitutional right to an impartial, indifferent jury. *See Irvin v. Dowd*, 366 U.S. 717, 722 (1961). "Voir dire plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored." *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981). Inadequate voir dire

1

"impairs the defendant's right to exercise peremptory challenges." *Id*. It is not an abuse of discretion for the trial court to permit attorney-conducted voir dire, and the Rules of Criminal Procedure explicitly permit attorney-conducted voir dire. *Id*.; *see also* Fed. R. Crim. P. 24(a)(1).

In *United States v. Skilling*, the Government prosecuted the former CEO of Enron in a highly publicized trial. 561 U,S, 358, 367-68 (2010). During voir dire, the trial court "permitted each side to pose follow up questions to the individually questioned jurors. *Id*. at 373. On appeal, Skilling argued the voir dire was insufficient because it "lasted just five hours." *Id*. at 387. The Supreme Court found that the voir dire was adequate, in part because "the parties, however, were accorded an opportunity to ask follow up questions of every prospective juror brought to the bench for colloquy." *Id*. at 389. The trial lasted four months after the five-hour jury selection process. *Id*. at 375.

In this case, allowing 30 minutes per side of attorney-conducted voir dire would similarly safeguard the defendant's constitutional right to an impartial jury and enable both parties to more effectively use peremptory challenges. *See Skilling*, 561 U.S. at 389; *Rosales-Lopez*, 451 U.S. at 188. The consistent and frequent publicity surrounding this case raises concerns about whether prospective jurors may be biased.[1] *See Skilling*, 561 U.S. at 367-68. This concern can be addressed by permitting the parties to supplement the Court's voir dire. *See id*. at 389. Accounting for alternates and jurors that will be dismissed on peremptory challenges, a modest 30 minutes of attorney-conducted voir dire will allow each side to engage with each prospective juror for, on

---

[1] A few examples include: Press Release, US DOJ, *Five Indicted in Feeding our Future Jury Bribery Scheme* (June 26, 2004) https://www.justice.gov/usao-mn/pr/five-indicted-feeding-our-future-jury-bribery-scheme; Star Tribune, Jeff Day, *Court Filing Describes Chaotic Messaging Around Attempted $120,000 Bribe* (November 18, 2024) https://www.startribune.com/court-filing-describes-chaotic-messaging-around-attempted-120000-bribe-in-feeding-our-future-trial/601182903; MPR News, Matt Sepic, *Brothers Plead Not Guilty to Bribing Feeding Our Future Juror* (July 3, 2024) https://www.mprnews.org/story/2024/07/03/brothers-plead-not-guilty-to-bribing-feeding-our-future-juror

average, about one minute. This relatively short additional inquiry will not unduly delay proceedings, as the Government suggests in its response to the defendant's motion. It will, however, further guarantee the defendant's right to an impartial jury by permitting the defendant, and the Government, to effectively exercise peremptory challenges. *See Skilling*, 561 U.S. at 389; *Rosales-Lopez*, 451 U.S. at 188.

## CONCLUSION

For the foregoing reasons, the Court should grant the defendant's motion for partial attorney conducted voir dire.

Respectfully submitted,

**OLSON DEFENSE**

Dated: 1/9/25

*/s/ Eric J. Olson*
Eric J. Olson
8009 34th Ave. S., Suite 1492
Bloomington, MN 55425
(952) 835-1088
Eric@Olsondefense.com

Dated: 1/9/25

*/s/ Mike Villafranca*
Mike Villafranca
8009 34th Ave. S., Suite 1492
Bloomington, MN 55425
(952) 835-1088
Eric@Olsondefense.com