UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA

| United States of America, | No. 24-cr-173 (DSD/DLM) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Abdiaziz Shafii Farah, Abdimajid Mohamed Nur, Said Shafii Farah, Abdulkarim Shafii Farah, and Ladan Mohamed Ali, | |
| Defendants. | |

This case is before the Court on non-dispositive and dispositive pretrial motions filed by the government and Defendants Abdiaziz Shafii Farah, Said Shafii Farah, and Abdulkarim Shafii Farah.[1] The parties agreed to cancel the motions hearing scheduled for January 9, 2025, and requested that the Court decide the motions on the parties' written submissions. (Doc. 132.) The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

Based on the files, records, and proceedings above, **IT IS ORDERED** that:

1. The government's Motion for Discovery (Doc. 54) is **GRANTED**.

2. Defendant Abddulkarim Shafii Farah's Motion for *Brady* Material (Doc. 101) is **GRANTED**. As it agreed to do, and as required by governing law, the government must disclose evidence favorable to Mr. Farah and must do so as

---

[1] Defendants Abdimajid Mohamed Nur and Ladan Mohamed Ali filed no pretrial motions in this case. (Docs. 77, 109.)

soon as it comes into possession of the information. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

3. Mr. Abdulkarim Farah's Motion for Disclosure of 404(b) Evidence (Doc. 102) is **GRANTED**. The government must provide disclosures no later than **2 weeks** before trial. If the government discovers any Rule 404(b) evidence after the deadline, it must produce the evidence as soon as possible. Although this portion of this Order does not extend to evidence that is intrinsic to the charged offense, *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014), the disclosure of such evidence may be required under other legal authority.

4. Mr. Abdulkarim Farah's Motion for Discovery of Expert under Rule 16(a)(1)(G) (Doc. 103) is **DENIED** as moot because expert discovery is addressed in the Court's Arraignment Order (Doc. 95). The parties' initial expert disclosures are due **28 days** before trial, and rebuttal expert disclosures, if any, are due **14 days** before trial.

5. Mr. Abdulkarim Farah's Motion for Disclosure of Grand Jury Transcripts (Doc. 104) is **DENIED** to the extent that his requested disclosures are inconsistent with Fed. R. Crim. P. 16(a)(1)(B)(iii). The Court encourages the government to make these disclosures at least **one week** before trial to avoid unnecessary delays.

6. Mr. Abdulkarim Farah's Motion to Retain Rough Notes (Doc. 105) is **GRANTED**.

7. Mr. Abdulkarim Farah's Motion for Disclosure of Jencks Act Material (Doc. 106) is **DENIED**. The Court lacks authority to order disclosure of the statements

of prosecution witnesses before the conclusion of the witness's direct examination. 18 U.S.C. § 3500. "[A]lthough in many cases the government freely discloses Jencks Act material to the defense in advance of trial, . . . the government may not be required to do so." *United States v. Wilson*, 102 F.3d 968, 971–72 (8th Cir. 1996) (quoting *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984)) (cleaned up). The Court understands that the government has already disclosed Jencks materials and intends to disclose any undisclosed materials no later than three days before trial. The Court requests—although it cannot require—that the government make these disclosures at least **one week** before trial to facilitate the prompt resolution of any resulting motions in limine.

8. Defendant Said Shafii Farah's Motion to Retain Rough Notes (Doc. 110) is **GRANTED**.

9. Mr. Said Farah's Motion for Discovery (Doc. 111) is **GRANTED** to the extent that the discovery sought is within the bounds of Federal Rule of Criminal Procedure 16.

10. Mr. Said Farah's Motion for Release of *Brady* Materials (Doc. 112) is **GRANTED**. As it agreed to do, and as required by governing law, the government must disclose evidence favorable to Mr. Farah, and must do so as soon as it comes into possession of the information. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

11. Mr. Said Farah's Motion for Government Witness List (Doc. 113) is **DENIED WITHOUT PREJUDICE**. Mr. Farah may renew his motion with the district court.

12. Mr. Said Farah's Motion for Counsel to Participate in Voir Dire (Doc. 114) is **DENIED WITHOUT PREJUDICE**. "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Chen*, No. 21-cr-0250 (JRT/TNL), 2023 WL 2424269, at *11 (D. Minn. Mar. 9, 2023) (quoting *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008) (further citations omitted)), *aff'd*, 2023 WL 3597904 (D. Minn. May 23, 2023). This Court leaves the final decision on the participation of counsel in voir dire to the district court.

13. Mr. Said Farah's Motion for Disclosure of Grand Jury Transcript (Doc. 115) is **DENIED** to the extent that his requested disclosures are inconsistent with Fed. R. Crim. P. 16(a)(1)(B)(iii). The Court encourages the government to make these disclosures at least **one week** before trial to avoid unnecessary delays.

14. Mr. Said Farah's Motion for Disclosure of Jencks Act Material (Doc. 116) is **DENIED**. The Court lacks authority to order disclosure of the statements of prosecution witnesses before the conclusion of the witness's direct examination. 18 U.S.C. § 3500. "[A]lthough in many cases the government freely discloses Jencks Act material to the defense in advance of trial, . . . the government may not be required to do so." *United States v. Wilson*, 102 F.3d 968, 971–72 (8th Cir. 1996) (quoting *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984))

(cleaned up). The Court understands that the government has already disclosed Jencks materials and intends to disclose any undisclosed materials no later than three days before trial. The Court requests—although it cannot require—that the government make these disclosures at least **one week** before trial to facilitate the prompt resolution of any resulting motions in limine.

15. Mr. Said Farah's Motion for Disclosure of Prior Convictions and Bad Acts (Doc. 117) is **GRANTED**. The government must provide disclosures no later than **2 weeks** before trial. If the government discovers any Rule 404(b) evidence after the deadline, it must produce the evidence as soon as possible. Although this portion of this Order does not extend to evidence that is intrinsic to the charged offense, *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014), the disclosure of such evidence may be required under other legal authority.

16. Defendant Abdiaziz Shafii Farah's Motion for Discovery (Doc. 120) is **GRANTED** to the extent that the discovery sought is within the bounds of Federal Rule of Criminal Procedure 16.

17. Mr. Abdiaziz Farah's Motion to Preserve Rough Notes (Doc. 121) is **GRANTED**.

18. Mr. Abdiaziz Farah's Motion to Suppress Search and Seizure Evidence (Doc. 119) shall be the subject of a separate report and recommendation to be prepared by the Court.

DATED: February 24, 2025	_s/Douglas L. Micko_
DOUGLAS L. MICKO
United States Magistrate Judge