UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
0:24-cr-00173-005(ECT)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Ladan Mohamed Ali,<br><br>Defendant. | **DEFENDANT'S POSITION REGARDING SENTENCING FACTORS** |

Pursuant to Local Rule 83.10, Defendant Ladan Mohamed Ali ("Ms. Ali") submits her position regarding sentencing factors. Ms. Ali is contemporaneously filing a motion for a variance from the applicable guidelines range and respectfully requests this Court impose a sentence of probation,.

**Objections to the Pre-Sentence Report and Other Areas of Controversy**

Ms. Ali timely filed objections to the draft Pre-Sentence Report. None of the objections impact the applicable guidelines range and do not need to be determined by the Court.

**ARGUMENT**

**A. Changes in the Applicable Sentencing Guidelines**

The final pre-sentence report was filed on January 3, 2025. The 2024 guidelines manual was in the preparation of the PSR. Since the time of the report, the guidelines have changed. Specifically, the USSG §2B1.1 was amended. Under USSG §1B1.11, the court shall use the Guidelines Manual in effect on the date defendant is sentenced. Since the value of the bribe in this case was $200,000, an 8-level increase now applies under the new guidelines rather than the 10-level determined by the PSR. Accordingly, the total offense level should now be 21 rather than 23, resulting in an advisory range of 41-51 months, rather than the 51–63 month range determined by the PSR.

**B. Sentencing Factors**

The United States Sentencing Guidelines are advisory, not mandatory. *United States. v. Booker*, 543 United States. 220 (2005). "A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range…as a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 United States. 38, 49 (2007) (citing R*ita v. United States*, 551 U.S. 338, 347-48 (2007)). As a matter of substance, the Court is only required to impose a sentence "sufficient, but not greater than necessary" to comply with paragraph two of 18 U.S.C. § 3553(a). Procedurally, the Court is also obligated to consider the factors articulated in 18 U.S.C. § 3553(a) when pronouncing a sentence. *United States. v. Barron*, 557 F.3d 866, 868. (8th Cir. 2009).

The Court should vary below the guideline range in sentencing Ms. Ali. after determining the guideline range, the Court must "analyze whether any departure or

variance from that range is appropriate." *United States v. Thundershield*, 474 F.3d 50, 506-07 (8th Cr. 2007).

However, this Court is not required to consider any factor or combination of factors to be determinative in an individual case. *Id.* 18 U.S.C. § 3553(a) contains seven factors to be considered:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established by the Sentencing Commission for the applicable categories of offense and defendant;

(5) any applicable and pertinent policy statement issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and;

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, a consideration of the factors set forth in 18 U.S.C. § 3553(a) demonstrates the Sentencing Guidelines range as set forth in the PSR is excessive and greater than

necessary to accomplish the statutory goals of sentencing, and that a sentence of probation is appropriate.

**1. The nature and circumstances of the offense and the history and characteristics of the defendant.**

*A. Circumstances of the offense*

Ms. Ali does not deny that bribing a juror is a very serious offense, directly undermining the justice system. She also does not minimize her role in the scheme and takes full responsibility for her conduct. However, unlike her co-defendants, Ms. Ali's motivation was not to avoid a jury verdict and prison sentence for herself or others. She was not involved in the creation of the idea to bribe a juror, nor was she involved in the planning of the offense. Ms. Ladan was reluctantly recruited into the scheme by her ex-boyfriend, Abdimajid Nur. Her motivation was purely financial as she was promised $150,000 for her participation. She quickly accepted responsibility for her role in the offense and immediately returned a large portion of the money she received to the Government.

*A. Mr. Ladan's Personal History and characteristics.*

Ms. Ali is a 33-year-old woman born in a refugee camp in Kenya. PSR at ¶55. Ms. Ali entered the United States as an asylee at the age of 3. PSR at ¶57. Ms. Ladan's childhood was characterized by poverty, physical abuse, family discord and community disapproval. ¶60. She is a single mother, having been the primary caregiver of her daughter who was born when Ms. Ali was 23 years old. ¶66. Ms. Ali has been diagnosed with trauma, stressor-related disorder, major depressive disorder, and anxious

distress. ¶74. She is currently full-time employed and has been cooperative and compliant with the terms of her release. In addition, since the date of this offense, she has successfully completed chemical health treatment and engaged in mental health therapy.

**2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

As stated, Ms. Ali does not deny the seriousness of this offense. Her criminal record consists of one fraud related conviction, and isolated misdemeanor level and driving offenses. She does not need to be further deterred. Her mental health and other needs can most effectively be treated while in the community rather than incarcerated.

**3. The kinds of sentences available.**

Ms. Ali is statutorily eligible for not less than one year nor more than five years of probation for this Class C felony pursuant to 18 U.S.C. § 3583(b)(2).

**4. The kinds of sentences and the sentencing range established by the Sentencing Commission for the applicable categories of offense and defendant.**

The advisory guidelines range in this case calls for a prison sentence of 41-51 months.

**5. Any applicable and pertinent policy statement issued by the Sentencing Commission.**

Defendant is not aware of any such statements that would apply to this case.

**6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

While co-defendants of Ms. Ali have received prison sentences, those defendants were directly involved in the creation, planning, and execution of this offense. Their motive was to subvert justice to avoid criminal convictions and consequences. Ms. Ali, by contrast, was recruited into the scheme by her ex-boyfriend and her motivations were not to secure a favorable verdict for herself or others involved in the scheme. A sentence of probation would not result in an unwarranted sentence disparity but rather would accurately reflect her role in the offense and her swift acceptance of responsibility, and her personal characteristics.

**7. The need to provide restitution to any victims of the offense.**

There are no identified victims in this case.

## Conclusion

An examination of the factors set forth in 18 U.S.C. § 3553(a) warrants imposition of a sentence to probation. Ms. Ali's personal characteristics, her role in the offense, and her immediaTE acceptance of responsibility all favor a sentence of probation. This sentence will fairly account for Ms. Ali's role in the offense and her life history and would accomplish the mandate that the Court impose a sentence sufficient, but not greater than necessary, to comply with the deterrent, security, remediation, and retribution purposes underlying 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

**Newmark Law Office LLC**

Dated: November 6, 2026

/s/ Eric L. Newmark
Eric L. Newmark (#259792)
1600 Hopkins Crossroad
Minnetonka, MN
Tel (612) 464-1160
eric@newmarklawoffice.com

ATTORNEY FOR DEFENDANT